Alfred R. Gibbons *et al.*, plaintiffs in error, *vs.* Addison A. Jones *et al.*, executors, defendants in error.

Where the right of executors to recover from legatees depends upon a mistake in their returns upon the basis of which a settlement had been had, and they seek to avoid such settlement on account of such mistake, the legatees may also attack charges, etc., in the returns. The settlement is either binding on both parties or neither.

Administrators and executors. Settlement. Before Judge Underwood. Floyd Superior Court. July Term, 1875.

Reported in the decision.

C. ROWELL; DABNEY & FOUCHE, for plaintiffs in error.

ALEXANDER & WRIGHT, for defendants.

WARNER, Chief Justice.

This case came before the court below on an appeal from the court of ordinary of Floyd county. The jury, under the charge of the court, found a verdict in favor of the executors of Samuel Gibbons, deceased, against the legatees under his will, for the sum of $395 00. A motion was made for a new trial on the several grounds therein set forth, which was overruled by the court, and the legatees excepted.

It appears from the evidence in the record that the executors and legatees had a final settlement in regard to the estate in their hands, on the basis of the returns of the executors to the court of ordinary then before them, and that on the 2d of June, 1873, the executors turned over to the legatees, (they all being of age,) all the remaining assets in their hands under the following written agreement:

"GEORGIA—FLOYD COUNTY.—Whereas, the executors of Samuel Gibbons, deceased, A. A. Jones and J. I. Wright, have turned over to us the balance of the property as enumerated in their second return made up to the 1st day of June, 1873, belonging to the estate of said deceased, after supplying to Mrs. L. U. Presley a plantation for which they paid to A. Griffeth $8,000 00, $2,000 00 remaining yet to be expended in permanent improvements, and also after having supplied to W. S. Gibbons a plantation for which they have paid to A. Griffeth $9,500 00, $500 00 remaining to be expended by them in permanent improvements: Now, therefore, in consideration of the facts above stated, we bind ourselves individually and for each other: First, that we will supply to our mother such sums of money as she may need from time to time out of the proceeds of the property turned over to us, and such as the executors are directed to allow her under the will. Second, that W. S. Gibbons will expend $500 00 and

Mrs. L. U. Presley, $2,000 00 in permanent improvements upon their respective plantations.

"Witness our hands and seals, June 2d, 1873.

"L. U. PRESLEY, (Seal.)
"W. S. GIBBONS, (Seal.)
"A. R. GIBBONS, (Seal.)
"J. H. PRESLEY, (Seal.)"

After the settlement had been made as before stated, and the property and assets turned over to the legatees, the executors discovered a mistake in their returns, in which they had omitted to credit themselves with $400 00 as interest on advance payments made by them for the benefit of the estate. The legatees refused to have the returns corrected, and the executors then made a statement of the mistake in their return and filed it with the ordinary, and cited the legatees to appear before the court of ordinary and show cause why the return of the executors, including the $400 00, should not be received as their final return. The legatees appeared and contested the $400 00 item in the return, and also claimed the right to contest several other items in the return. The ordinary overruled all the objections of the legatees to the executors' return, and allowed the item for the mistake to be included therein to the amount of $395 00, and rendered a judgment against the legatees, in favor of the executors, for that amount. On the appeal trial in the superior court, the court charged the jury, amongst other things, "that if, from the evidence, they believed the executors surrendered the assets in their hands in settlement, and the legatees accepted them with the full knowledge that the statement made by the executors, and which was then present, contained the charges for extra compensation, attorneys' fees, etc., now complained of, this amounts to a settlement, and the legatees are bound by it. If, from the testimony, you are satisfied that there was a mistake made, and the executors overpaid the legatees any sum, then they are entitled to recover the amount thus overpaid." This charge of the court, in view of the evidence

contained in the record, was error. If the settlement was made on the basis of the executors' returns, as the same existed when it was made and the assets were turned over to the legatees, then the settlement was binding on all the parties to it. The legatees cannot be held to be bound by the settlement on the basis of the returns then present, and not the executors, the more especially as it was the fault and neglect of the latter if their returns were not complete. If the executors can go behind the settlement and open it for the purpose of correcting their own mistakes, then the legatees may go behind it and attack the returns of the executors, as they proposed to do. If the executors desire to hold the legatees bound by the settlement on the basis of their returns as the same existed at the time the settlement was made, then they can do so by dismissing their proceeding to have their returns corrected, but if the settlement is to be opened for that purpose, then it will be open for the legatees to contest their returns, or any part thereof, as they proposed to do. All the parties should be bound by the settlement on the basis of the returns as the same existed at the time the settlement was made, or none of them should be bound by it.

Let the judgment of the court below be reversed.